forward-looking coercive sanctions and backward-looking punitive ones. *DOE*, 503 U.S. at 621. It then focused on the CWA's use of the conjunction "process and sanction," and reasoned that punitive fines were excluded because the term "process" implied "forward-looking orders enjoining future violations" and enforced through coercive sanctions. *Id.* at 623. Ultimately, the Court concluded: "that the text speaks of sanctions in the context of enforcing 'process' as distinct from substantive 'requirements' is a good reason to infer that Congress was using 'sanction' in its coercive sense, to the exclusion of punitive fines." *Id.*

Considering the Supreme Court's construction of "process and sanctions" in *DOE v. Ohio* and the CAA's identical language, the Court holds that § 7418(a) does not waive sovereign immunity for punitive sanctions such as the ones sought here. This interpretation accords with the reasoning and conclusion of *City of Jacksonville*, which the Court again finds persuasive. 348 F.3d at 1315–17.

As mentioned above, the State also contends that the state suit provision in § 7604(e) constitutes an immunity waiver for suits seeking to recover civil penalties.[2] But again, as cautioned by *DOE v. Ohio*, the "use of the term [sanction] carries no necessary implication that a reference to punitive fines is intended." 503 U.S. at 621. The state suit provision explicitly references and incorporates the federal facilities provision, limiting its scope. § 7604(e) ("For provisions requiring compliance by the United States, departments, agencies, instrumentalities, officers, agents, and employees in the same manner as nongovernmental entities, see section 7418 [the federal facilities provision] of this title."). The Court has concluded that the federal facilities provision excludes punitive sanctions. "Given this finding, without express intent from Congress to indicate

---

[2] The State urges the Court to adopt the reasoning of *United States v. Tenn. Air Pollution Control Bd.*, 185 F.3d 529 (6th Cir. 1999), which held that § 7604(e) waives sovereign immunity for civil penalties.

9